UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DUSTIN CRUCE,<br>    Plaintiff,<br><br>v.<br><br>JOHN STANKUS, et al.,<br>    Defendants. | :<br>:<br>:<br>:    No. 3:19-cv-1228 (SRU)<br>:<br>:<br>: |

## INITIAL REVIEW ORDER

On August 6, 2019, Dustin Cruce, an inmate currently confined at the Osborn Correctional Institution in Somers, Connecticut, brought a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 against five Waterbury law enforcement officers: John Stankus, David Andrzejewski, Fisnik Agolli, Officer Summa, and Officer Sullivan. Compl., Doc. No. 1. Cruce seeks damages against the defendants for subjecting him to excessive force during his arrest. *See id.* at 4-5. I will permit the complaint to proceed against the defendants.

I. Standard of Review

Under 28 U.S.C. § 1915A, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints

'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

II. Factual Allegations

At approximately 1:20 a.m. on February 4, 2017, Officers Stankus and Andrzejewski spotted Cruce walking through a CVS parking lot. Compl. ¶ 1. Once Cruce saw the two officers, he turned and fled, and the two officers chased him. *Id.* at ¶ 2. Cruce ran alongside Exit 8 of I-84 toward the highway with Stankus and Andrzejewski in pursuit. *Id.* at ¶ 3.

At some point during the pursuit, Officers Summa and Sullivan attempted to cut off Cruce's path in their police cruiser. Compl. ¶ 4. Stankus and Andrzejewski then caught up to Cruce, who placed his hands on his head. *Id.* at ¶ 5. Stankus and Andrzejewski pushed Cruce to the ground, and Andrzejewski punched him in the face. *Id.* All five defendants then began kicking and punching Cruce. *Id.* at ¶ 6.

Cruce was taken to St. Mary's Hospital in Waterbury for treatment of chest pain, broken ribs, and a laceration. Compl. ¶ 7. Nurse Joy Benoit performed an x-ray. *Id.* at ¶ 8. During the x-ray examination, Cruce started having seizures as a result of difficulty breathing. *Id.* Cruce was given 800 mg of Motrin and later discharged. *Id.* at ¶ 9.

III. Analysis

Although he does not clearly state his claim, it appears Cruce is suing the five defendants for subjecting him to excessive force during his arrest, in violation of his Fourth Amendment protection against unreasonable searches and seizures. He seeks damages against the defendants in their individual capacities. Compl. at 5.

"The Fourth Amendment's protection against unreasonable seizures prohibits the use of excessive force by [law enforcement] officers in arresting suspects." *Orr v. Waterbury Police Dep't*, 2018 WL 780218, at *5 (D. Conn. Feb. 8, 2018) (citing *Hemphill v. Scott*, 141 F. 3d 412, 416-17 (2d Cir. 1998)). To state a Fourth Amendment claim for excessive force, the arrestee must allege facts showing that the officer's use of force was "objectively unreasonable." *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)). The "reasonableness" of the use of force must be judged from the perspective of a reasonable officer on the scene. *Id.* (citing *Graham*, 490 U.S. at 396). It "requires consideration of the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight." *Id.* (quoting *Hemphill*, 141 F.3d at 417).

Based on the allegations, Cruce has stated a plausible Fourth Amendment excessive force claim against the defendants. He alleges facts showing that the defendants pushed him to the ground, punched, and kicked him after he placed his hands on his head. I will, therefore, permit the Fourth Amendment excessive force claim to proceed against the defendants in their individual capacities for damages.

**ORDERS**

(1) The complaint may proceed against all five defendants in their individual capacities for damages.

(2) Within **twenty-one (21) days** from the date of this Order, the clerk shall mail five waiver of service of process request packets containing the complaint, Doc. No. 1, and this Order to all five defendants at the Waterbury Police Department, 255 E. Main Street, Waterbury, CT 06702. The clerk shall report on the status of the waiver requests on the **thirty-fifth day** after

mailing. If any defendant fails to return the waiver request, the clerk shall make arrangements for in-person service by the U.S. Marshals Service on him/her and he/she shall be required to pay the costs of such service in accordance with Fed. R. Civ. P. 4(d).

(3) The Clerk shall send a courtesy copy of the complaint and this Order to the Waterbury Corporation Counsel's Office at 26 Kendrick Avenue #8, Waterbury, CT 06702.

(4) The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed within **six months (180 days)** from the date of this Order. Discovery requests need not be filed with the Court.

(6) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to the parties by the Court. The order can also be found at http://ctd.uscourts.gov/district-connecticut-public-standing-orders.

(7) All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this Order.

(8) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If Cruce changes his address at any time during the litigation of this case, Local Court

Rule 83.1(c)2 provides that he MUST notify the Court.  Failure to do so can result in the dismissal of the case.  Cruce must give notice of a new address even if he is incarcerated.  He should write "PLEASE NOTE MY NEW ADDRESS" on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If Cruce has more than one pending case, he should indicate all of the case numbers in the notification of change of address.  He should also notify the defendants or defense counsel of his new address.

      So ordered.

Dated at Bridgeport, Connecticut, this 17th day of September 2019.

                                                <u>/s/ STEFAN R. UNDERHILL</u>
                                                Stefan R. Underhill
                                                United States District Judge