UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DUSTIN CRUCE,	: | |
|     Plaintiff,	: | |
| 	: | |
| v.	: | No. 3:19-cv-1228 (SRU) |
| 	: | |
| JOHN STANKUS, et al.,	: | |
|     Defendants.	: | |

# **ORDER**

On August 6, 2019, Dustin Cruce, an inmate in the custody of DOC, brought a complaint *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983 against five Waterbury law enforcement officers:  John Stankus, David Andrzejewski, Fisnik Agolli, Officer Summa, and Officer Sullivan.  *See* Compl., Doc. No. 1.  In his complaint, Cruce alleges that, during the course of his arrest, the defendants pushed Cruce to the ground and punched and kicked him, even after Cruce placed his hands on his head.

After initial review, I permitted Cruce's complaint to proceed against the defendants in their individual capacities for damages based on a potential violation of Cruce's right under the Fourth Amendment to be free from unreasonable seizures.  *See* Initial Review Order, Doc. No. 10.  Cruce has made seven motions for appointment of counsel in this case, and I have denied them all.  *See* Orders, Doc. Nos. 11, 18, and 36.  Most recently, I explained that although Cruce had "made substantial efforts to secure representation," I would not appoint counsel because I could not then determine whether Cruce's claims were likely to be of substance.  *See* Order, Doc. No. 36, at 3.

On July 14, 2020, Cruce made a motion to postpone his deposition.  *See* Mot., Doc. No. 42.  That motion is really a renewed motion for appointment of counsel.  *See* Mot., Doc. No. 42, at 1 (arguing that he "should be repr[e]sented by council [sic] when questioned by law

enforcement or carreer [sic] litigators . . . to protect the Integr[i]ty of law"). I construe Cruce's motion to postpone his deposition, doc. no. 42, as a renewed motion for appointment of counsel, and I **grant** that motion.

## I.     Discussion

Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. *See Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 68–69 (2d Cir. 2011) ("A party has no constitutionally guaranteed right to the assistance of counsel in a civil case."). Rather, the decision to appoint *pro bono* counsel in a civil case is discretionary. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (district judges are afforded "[b]road discretion" in determining whether to appoint *pro bono* counsel for an indigent litigant in a civil case); 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel.") (emphasis added). In addition, the Second Circuit has cautioned the district courts against routinely appointing *pro bono* counsel. *See, e.g., Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997); *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989).

In considering whether to appoint *pro bono* counsel for an indigent litigant, a district court must "first determine whether the indigent's position seems likely to be of substance." *See Hodge*, 802 F.2d at 61. "Even where the [indigent litigant's] claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." *Cooper*, 877 F.2d at 171*; Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit). If the indigent litigant appears to have some chance of success, the court should then consider other factors bearing on the need for appointment of counsel,

including the movant's ability to investigate the factual issues of the case, whether conflicting evidence implicating the need for cross-examination will be the major proof presented, the movant's apparent ability to present the case, and the complexity of the legal issues involved. *See Hodge,* 802 F.2d at 61–62.

As I have previously noted, Cruce has made substantial efforts to secure representation. *See* Order, Doc. No. 36, at 3 (noting that Cruce had contacted 11 different lawyers). In addition, Cruce will clearly struggle to present his case: Cruce is illiterate, and he relies on other inmates to write for him. *See id.* During the COVID-19 pandemic, interaction among inmates is understandably more difficult, and so Cruce will have even less access than usual to legal knowledge. Thus, Cruce's ability to investigate his case is also severely hampered.

I recently wrote that I could not determine whether Cruce's legal claims were likely to be of substance because "there has been no development of the record beyond Cruce's allegations." *Id.* Upon further review, though, I conclude that Cruce's allegations do, in fact, establish that his claims are likely to be of substance. Cruce's allegations are short and to the point: Cruce claims that the Defendants pushed Cruce to the ground and then kicked and punched him. *See* Compl., Doc. No. 1, at ¶¶ 5–6. Cruce reports that his injuries were severe: He was admitted to the hospital, where he had so much trouble breathing because of rib pain that he had a seizure. *See id.* at ¶¶ 7–8. In permitting Cruce's claims to proceed, I have already noted that Cruce has stated a plausible Fourth Amendment excessive force claim against the defendants. *See* Initial Review Order, Doc. No. 10, at 3. Some other courts appoint counsel for indigent litigants in similar circumstances. *See, e.g.*, Order, *Burnes v. Suda, et al.*, No. 3:19-cv-1470 (SRU), doc. no. 23, at 3–4 (appointing counsel when plaintiff's excessive force claims against defendant police officers "support an inference that the defendants' use of force . . . was objectively unreasonable" and "a

jury could find in [the plaintiff's] favor on these facts"); *Kvarnstrom v. Trani*, 1991 WL 183348, at *1–2 (S.D.N.Y. Sept. 10, 1991) (appointing counsel for plaintiff who alleged that police officer hit and kicked plaintiff).

### II.     Conclusion

For the foregoing reasons, I construe Cruce's motion to postpone his deposition, doc. no. 42, as a renewed motion for appointment of counsel and **grant** that motion.

It is so ordered.

Dated at Bridgeport, Connecticut this 27th day of July 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge